IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREAT LAKES DREDGE & DOCK COMPANY, LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>PHILLY SHIPYARD, INC.,<br><br>*Defendant*. | Case No.: 2:24-cv-06198 |

**[PROPOSED] ORDER GRANTING TEMPORARY RESTRAINING ORDER**

AND NOW on this _____ day of _____, 2024, upon consideration of Great Lakes Dredge & Dock Company, LLC's ("Great Lakes's") Motion for Temporary Restraining Order and Preliminary Injunction, it is ORDERED that Great Lakes's request for a temporary restraining order is hereby GRANTED.

I.  **INTRODUCTION AND BACKGROUND**

Great Lakes brought this action against Philly Shipyard, Inc. ("Philly"). On or about November 15, 2021, Great Lakes and Philly executed the Vessel Construction Agreement for Subsea Rock Installation Vessel (the "VCA"). Through the VCA, Great Lakes hired Philly to build the first United States-flagged, Jones Act-compliant subsea rock installation vessel for wind turbine foundations (the "Vessel").

Philly recently notified Great Lakes of its intent to remove the Vessel from its position in the dock and float it into the harbor, over Great Lakes's objection. Great Lakes alleges that Philly's contested "float" strategy would breach the VCA because Great Lakes has not consented to it, which Great Lakes contends is required by VCA § 8.7. Despite its objection, Great Lakes alleges

1

that Philly chose not to weld Grand Block 14 to the hull of the Vessel but instead lifted it out of the building dock in furtherance of Philly's contested "float" plan.

Great Lakes further alleges that removing the Vessel from its position in the dock at this stage of construction and taking action to prepare to move it puts the Vessel at risk of being damaged. The Vessel is not designed to be waterproofed or floated at this stage of construction, and changing the design and taking actions to waterproof the Vessel at this stage of construction could permanently physically damage it. Great Lakes also alleges that the Vessel could be damaged while in transit from the dock to the harbor and from the harbor back to the dock.

## II. GREAT LAKES'S REQUEST FOR A TEMPORARY RESTRAINING ORDER

Federal Rule of Civil Procedure 65 authorizes the Court to issue temporary restraining orders. In deciding whether to grant the temporary restraining order that Great Lakes seeks, the Court must consider whether (1) Great Lakes has demonstrated the likelihood of its success on the merits; (2) Great Lakes will be irreparably harmed by the denial of injunctive relief; (3) the balance of the harms favors Great Lakes; and (4) the public interests favors the requested relief. *See Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d. Cir. 2010); *Wright v. Columbia Univ.*, 520 F. Supp. 789, 792–93 (E.D. Pa. 1981).

The Court finds that a temporary restraining order may be granted pursuant to Rule 65(b), under these circumstances.

Great Lakes has shown it is likely to succeed on the merits of its breach of contract claim. The VCA appears to require Great Lakes's consent for Philly to proceed with its proposed "float" strategy.

Moreover, it appears from the facts shown by the declaration and exhibits submitted by Great Lakes that immediate and irreparable injury will result. The injury here is the Vessel being

irreparably physically damaged, up to a total loss, if Philly proceeds with its contested "float" strategy, and the reputational damage and loss of goodwill that Great Lakes would suffer with its customers, investors, and in the marketplace as a result. Absent the grant of interim equitable relief and if this irreparable harm were to occur, there is a substantial chance that upon final resolution of the action that Great Lakes could not be returned to the position it previously occupied.

Finally, the balance of harms favors Great Lakes, as Great Lakes's requested relief seeks to hold Philly to its contractual responsibilities. The public interest will accordingly be served by preserving the status quo pending the Court's decision on Great Lakes's Motion for Preliminary Injunction.

### III. CONCLUSION.

For the reasons set forth above, Great Lakes's Motion for a Temporary Restraining Order is GRANTED.

Philly is hereby enjoined from taking any action to remove the Vessel from its position in the dock and floating it into the harbor until the Vessel is ready to be outfitted according to the original, agreed-upon build strategy, or from taking actions to prepare the Vessel to be removed from its position in the dock and floating it into the harbor before the Vessel is ready to be outfitted according to the original, agreed-upon build strategy.

This Order will expire on _____, 2024 [NOT TO EXCEED 14 DAYS FROM ENTRY], unless before that date the Court, for good cause, extends it or Philly consents to an extension.

IT IS SO ORDERED

Date and Hour Issued _____

_____
Honorable Judge Presiding