# Exhibit 4



9811 Katy Freeway, Suite 1200
Houston, Texas 77024 USA
346-209-1919
www.gldd.com

September 25, 2024

**VIA EMAIL**
To: PHILLY SHIPYARD, INC.
      2100 Kitty Hawk Avenue
      Philadelphia, PA 19112
      Attention:    Steinar Nerbovik
                       Thomas Grunwald, Vice President

Subj:   VESSEL CONSTRUCTION AGREEMENT for the Construction of a Subsea Rock Installation Vessel ("VCA"); PSI Hull No. S 038 ("Vessel")

### PROPOSED CHANGE TO PROJECT EXECUTION PLAN

Dear Steinar and Thomas:

We write to once again request that Philly Shipyard, Inc. ("PSI" and "Builder") carry out the measures set out in VCA Articles 8 and 9, including but not limited to VCA §§ 8.1, 8.2, 8.3, 8.5, 8.6, 8.7, 8.11, 8.13, 9.3, and 9.4. We further note that at present Builder is failing to fulfill its responsibilities to Great Lakes Dredge & Dock Company, LLC ("GLDD" and "Owner") under the VCA.

At a meeting on September 18, 2024, PSI informed GLDD that the schedule it provided just two weeks ago is "unobtainable."

As an initial matter, GLDD maintains its position with respect to all issues raised in its August 22, 2024, correspondence and disputes PSI's contentions as set forth in its August 26, 2024, response. In that correspondence, PSI took the position that its project schedule as provided on July 19, 2024, was not deficient and suggested that GLDD's probing questions regarding the schedule were somehow excessive or unnecessary. We understand from that meeting that PSI finally acknowledges what GLDD's questions have unearthed – that the schedules provided by PSI (whether in April, July or August) have been insufficient and do not support a path to achieve delivery at or even near the contractually promised delivery date of February 14, 2025. The fact that PSI has failed to actively maintain the Project Schedule as required by Article 8 of the VCA is beyond reasonable dispute.

Rather than take the corrective actions required under the VCA to prosecute the Work diligently, PSI now proposes to address its schedule and production shortcomings by substantially revamping its project execution plan in a way that appears certain to exacerbate, rather than ameliorate, the problems it is facing.

PSI proposes to float the partially constructed Vessel out of the dock between December 2024 and January 2025 to allow NSMV 4 to float out, and then redock the Vessel closest to the dock

gate. PSI acknowledges that an engineering study would first be required to determine whether such move would even be feasible. We understand that such study could take up to one month to complete.

GLDD is concerned that such resequencing would further adversely delay the delivery of the Vessel and is strongly opposed to such a plan for several reasons. Those reasons include:

(1) PSI has failed to show how the proposed resequencing would actually improve the project schedule.

(2) PSI has not provided any assurance that the proposal to float out the Vessel's modules is even feasible from an engineering standpoint; and doing the necessary feasibility study and obtaining Class approval would result in further delays and drains on resources.

(3) The proposed plan could result in physical damage to, or even loss of, the Vessel.

(4) Moving the Vessel out of the dock exposes the Vessel to placement behind the NSMV vessels and further risk of being relegated to a less important position in the shipyard.

(5) Most significantly, if moving the Vessel is necessary, PSI has failed to explain in its proposed Delivery Strategy Revision why it cannot dedicate the effort and resources to completing the hull of the Vessel before floating it out of the dock to permit the exit of NSMV 4. The proposal appears to GLDD to be a deliberate decision to delay the construction of the Vessel in order to prioritize other work at PSI. Such a decision is contrary to PSI's contractual obligations and promises to GLDD.

Under VCA § 8.7, any modification to the build strategy of the Vessel that alters the predicates to milestone payments from those set forth in the VCA, as amended, are expressly subject to prior written approval by Owner. GLDD does not approve of the proposed modification to the build strategy for the reasons set forth above.

Our observation of the lack of effort being made on the Vessel in the dock indicates that despite not obtaining the required prior written approval of GLDD, PSI has been departing from its current schedule for weeks, in apparent anticipation of its newly proposed modification to the build strategy, delaying the Work even further. For example, we note that the grand block that was placed into the dock several weeks ago (Block B14GC) has not been welded down and no work has taken place on the block over the past several weeks. The proposed modification to the build strategy shows the block not being floated, which clearly means that PSI proposed to lift it out of the dock.

PSI's proposed modification to the build strategy has revealed that Project Schedules provided as recently as two weeks ago were unreliable at best. In sum, we are gravely concerned that the proposed Delivery Strategy Revision is equally unreliable and is intended as a way to further delay performance of the Work.

Accordingly, we expressly request and direct Builder to comply with its contractual obligations pursuant to Articles 8 and 9, and in particular with its obligations under VCA §§ 8.13(d) and 9.4(a), (b) and (c), by assigning appropriate resources and exercising diligence to accomplish delivery of the Vessel by the contractually agreed Delivery Date. This request is made pursuant to VCA § 8.13(e).

The key question is whether PSI will prioritize completion of the Work as it promised to do, or if some form of compulsion through contractual remedies is necessary.

GLDD remains willing to continue to work with PSI to accomplish our common goal of producing a seaworthy Vessel in accordance with the Specifications as soon as possible, but in the meantime, GLDD continues to reserve all rights and defenses under the VCA, including its remedy under VCA § 9.4(d), and at law, as applicable.

Sincerely yours,

*[signature: Chris H]*

Chris Gunsten
GREAT LAKES DREDGE & DOCK COMPANY, LLC

cc: Lasse Petterson
    Vidar Lindmoen
    Stephanie Espinoza

    Dean Grabelle (PSI)